plaintiff against said defendant, in an automobile negligence action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ GEORGE GOTTLER, Respondent, v. DONALD A. STAERKER, Appellant.— Judgment unanimously affirmed, with costs. (Appeal from judgment of Erie Trial Term for plaintiff in an automobile negligence action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ CARMEN SPOSITO, Appellant, v. THOMAS J. MARTIN, Individually and Doing Business as MARTIN'S RESTAURANT, Respondent.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Onondaga Trial Term dismissing the complaint on the merits, on motion by defendant at the end of plaintiff's case, in a negligence action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ RAFFELE SPOSITO, Appellant, v. THOMAS J. MARTIN, Individually and Doing Business as MARTIN'S RESTAURANT, Respondent.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Onondaga Trial Term dismissing the complaint on the merits, on motion by defendant at the end of plaintiff's case, in a negligence action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ EDITH BLAIR, Appellant, v. CENTRAL GREYHOUND LINES, INC. OF NEW YORK, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to appellant to abide the event. Memorandum: The admission into evidence of the written statements of two witnesses for the defendant, both of which contained a question and conclusory answer stating that the witnesses did not " consider bus driver at fault ", was error and greatly prejudicial to plaintiff. The testimony of these witnesses was in no manner shaken by cross-examination or given the appearance of being a recent fabrication. (*Crawford* v. *Nilan*, 289 N. Y. 444; Richardson, Evidence [8th ed.], § 530, p. 511.) The admission of these statements makes a new trial necessary. (Appeal from judgment of Oneida Trial Term for defendant for no cause of action, in a bus line negligence action.) Present — Bastow, J. P., Goldman, Halpern and Henry, JJ.

■ DUN & BRADSTREET, INC., Respondent, v. NIAGARA PLASTIC MOLDS, INC., Appellant.— Judgment, amended judgment, and order unanimously affirmed, with costs. (Appeal from judgment, amended judgment and order of Erie Supreme Court for plaintiff and dismissing defendant's counterclaim on the merits, in an action to recover subscription fee to financial service; counterclaim for libel.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ WILLIAM RUGGIO, Respondent, v. ANNE V. BOIGEOL, as Executrix of EDGAR N. MATHER, Deceased, et al., Appellants.— Judgment unanimously affirmed, without costs of this appeal to any party. (Appeal from judgment of Oswego Trial Term for plaintiff against all defendants in an automobile negligence action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ NORMAN GOVER, Appellant, v. ANNE V. BOIGEOL, as Executrix of EDGAR N. MATHER, Deceased, Respondent.— Judgment and order unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Oswego Trial Term for defendant for no cause of action in an automobile negligence action. The order denied plaintiff's motion for a new trial.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ MARY KIELB, as Administratrix of the Estate of RAYMOND F. KIELB, Deceased, Appellant, v. ANNE V. BOIGEOL, as Executrix of EDGAR N. MATHER, Deceased, Respondent.— Judgment and order unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Oswego Trial